UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

Civil Action Number: 3:19 cv 512

EHONAM M. AGBATI (ROGER)

        Plaintiff(s),

    v.

VIRGINIA DEPARTMENT OF AGRICULTURE
AND CONSUMER SERVICES
(Office of Charitable & Regulatory Programs)

        Defendant(s)

## MOTION FOR CORRECTION OF COURT RECORDS AND ORDER

On May 1, 2020, I, Ehonam M. Agbati (Roger), the Plaintiff filed a Memorandum and Motion to Reconsider in response to this District Court's Opinion and Order of April 6, 2020 and requested that rectification be made to the supporting section(s) of the Court's Opinion where the Court put forth incorrect interpretations of stated facts in Plaintiff's Complaint. In that same Memorandum and Motion to Reconsider; I, the Plaintiff, requested the District Court to in part and based on clarifications provided in the Memorandum and Motion, reconsider its Opinion, Conclusion, and Order of April 6, 2020 and moved to request the District Court to issue an Amended Opinion and Amended Order in response to that Memorandum and Motion to Reconsider.

In response to that Memorandum and Motion to Reconsider of May 1, 2020; this District Court issued a Memorandum Order not to correct the misinterpreted facts as I, the Plaintiff, requested, but to rather order that I, the Plaintiff, filed my amended complaint as directed by the District Court and that if I, the Plaintiff, did not agree with the District Court's summary of the allegations in my initial complaint, I

remained free to set forth my allegations as I saw fit in my amended complaint or the District Court would dismiss my retaliation and pay discrimination claims with prejudice and the case would have proceeded only as my failure to promote claim. I, the Plaintiff, complied with the District Court's Order.

One of the corrections that I, the Plaintiff, requested in that Memorandum and Motion to Reconsider of May 1, 2020 was that; in paragraph (2) of the section "FACTS ALLEGED IN THE COMPLAINT" in support to its Opinion and Order of April 6, 2020; the District Court stated "But the workplace "started going 'south'" when **Alison Foster** replaced Townsend as Agbati's Supervisor." This is an incorrect interpretation of what I, the Plaintiff, stated in my complaint. Keeping in mind how such misinterpretation of fact(s) could affect my case; I then continued to state I could not consciously let that incorrect interpretation of what I stated in my complaint be entered in court record for eternity knowing that it is incorrect; this would not be the right and just thing to do to **Alison Foster** as I have never had any issue with her as my supervisor. What I stated in my complaint was that "…. In the meantime, the second investigator position became available and **Ms. Alyssa Royer** was hired to fill that vacant position; that is when things really **started going "south"** in the office;" please refer to paragraph (2) of the supporting document to my initial Complaint titled "Details of Events". Many of the problems at our office leading to this Complaint started more specifically when **Alyssa Royer**, who the Defendant has discriminately promoted over me was hired, and not because of **Alison Foster** becoming my supervisor at the departure of Michelle Townsend as this District Court misinterpreted this fact to be.

I, the Plaintiff, here again am coming to this District Court about the need and hereby move to request this District Court to at least among other needed corrections to misinterpreted facts correct the misinterpreted fact here mentioned above in this Motion because third parties such as CaseText.com have published online this misinterpreted fact entered in Court records by this District Court, and third parties such as CaseText.com refuse to make a correction to their publications stating that the disputed fact I, the Plaintiff, am requesting them to correct in their online publication was

provided to them by the courts and that they "are not able to edit the contents within them, [but] should the courts update the case on [the courts] end, [they] can make the updates on [their end]." I, the Plaintiff, would like to refer this District Court to the attached email conversations between a representative of CaseText.com and I, the Plaintiff, on this matter as stated above.

Keeping in mind how such misinterpretation of fact(s) could affect my case as I, the Plaintiff, previously stated above; this situation causes tension between I, the Plaintiff, and **Alison Foster** who I still consider a friend; this is a case of defamation possibly waiting to happen and maybe against me, all because of the District Court's error. I, the Plaintiff, hereby for a second time move again to request this District Court to correct its misinterpretation of that statement of my Complaint to what really happened as previously and also herein clarified and requested above and to issue an amended opinion and order to its Order of April 6, 2020 so that third parties such as CaseText.com can correct their online publications on this case.

As a Pro Se litigant; I, the Plaintiff, am not sure how this District Court will go by in addressing this Motion, but if, this District Court is not in the position to address and correct the Court's records at the current stage of this lawsuit because the case is currently pending with the U.S. Court of Appeals for the Fourth Circuit; I, the Plaintiff, request that this District Court reaches out to the Court of Appeals to work out and address this issue and Motion because I, the Plaintiff, am not allowed to currently submit any brief to the Court of Appeals as the Court of Appeals has issued a Temporary Stay of Mandate on the case pending further order from the Court of Appeals.

Respectfully submitted,

_[signature]_   9-19-2022

Ehonam M. Agbati (Roger)

## Re: Request of Correction in Online Publication by CaseText

**Jake from Casetext** <jake.blas@casetext.com>
Wed 9/14/2022 1:15 PM
To: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

No problem at all! Thanks again for your understanding!

 **Jake** from Casetext

On Wed, Sep 14, 2022 at 10:13 AM, "EHONAM AGBATI" ▬▬▬▬▬▬▬▬▬ wrote:
> Hi Jake,
>
> Thank you for your response. As you and your organization can see from the court document filings as I stated; the District Court made a mistake and misinterpreted the fact and what I said in my lawsuit. I brought this mistake to the attention of the Court and the Court replied that I restated this in my amended complaint, which I did. This should technically be enough for you and your organization to make the correction in your online publication. Nevertheless, I understand your argument. I will file a motion with the District Court requestion that the Court corrects its records regarding this matter in the case and so that you can correct your online publication.
>
> Regards,
>
> Ehonam Agbati (Roger)
>
> On Tue, Sep 13, 2022 at 10:48 AM, "Jake" <jake.blas@casetext.intercom-mail.com> wrote:
>> Hi Ehonam,
>>
>> Thanks for reaching out and bringing this to our attention.
>>
>> We understand your concern about the case and would like to assist you in any way that we can. Given that the case was provided to us directly by the courts, we are not able to edit the contents within them. Should the courts update the case on their end, we can make the updates on ours.
>>
>> Should you have any questions or concerns, please don't hesitate to reach out.
>>
>> Best,
>> Jake
>> On Tue, Sep 13, 2022 at 10:06 AM, "EHONAM AGBATI" ▬▬▬▬▬▬▬▬▬ wrote:
>>> Greeting to whom this may concern:
>>>
>>> I am writing to request that your organization makes correction to its publication of my lawsuit as shown in the link below.

In your publication, you stated that "During Townsend's supervision, "there was harmony" among Agbati's team. (Dk. No. 3, at 9.) But the workplace "started going 'south'" when Alison Foster replaced Townsend as Agbati's supervisor. (*Id.*) ."

I did not say in my lawsuit that "But the workplace 'started going south' when **Alison Foster** replaced Townsend as" my supervisor. What I said was things started going "south" in our office when **Alyssa Royer** was hired. The District Court made a mistake and misinterpreted the fact and what I said in my lawsuit. I brought this mistake to the attention of the Court and the Court replied that I restated this in my amended complaint, which I did. I am demanding that you re-review the Court documents on this matter and make correction to this publication. Alison Foster and Alyssa Royer are two different people. Alison Foster is a friend of mine to date though I mentioned her in my lawsuit. Your false published statement as pointed above is causing tension in my friendship with Alison Foster and I am demanding here that you re-review the District Court order that you have quoted in your publication as well as the responses replies following that court order to get the facts right and correct your publication on the statement pointed above.

I look forward to hearing back from you soom.

Ehonam Agbati (Roger)

https://casetext.com/case/agbati-v-va-dept-of-agric-consumer-servs

Agbati v. Va. Dep't of Agric. & Consumer Servs., Civil Action No. 3:19-cv-512 | Casetext Search + Citator

Read Agbati v. Va. Dep't of Agric. & Consumer Servs., Civil Action No. 3:19-cv-512, see flags on bad law, and search Casetext's comprehensive legal database

casetext.com

## CERTIFICATE OF SERVICE

I, Ehonam M. Agbati (Roger), hereby certify to have, on this day September 19, 2022, served a copy of the enclosed documents (Motion for Correction of Court Records and Order) on all parties through their counsel via email at gfleming@oag.state.va.us as addressed below.

Gregory Clayton Fleming
Senior Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Email: gfleming@oag.state.va.us

_____
EHONAM M. AGBATI (ROGER)
714 N ARTHUR ASHE BLVD APT. 2
RICHMOND, VIRGINIA 23220
TEL: 434-242-2033
EMAIL: ROGERLEBON@HOTMAIL.COM